UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Justin Lamont Buckingham,                       Civil No. 11-2489 (PJS/SER)

   Petitioner,

v.                                              **REPORT AND RECOMMENDATION**

Jessica Symmes, Warden,

   Respondent.

---

  Justin Lamont Buckingham, *pro se*, #226219, Minnesota Correctional Facility – Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN 55082.

  J. Michael Richardson, Esq., Hennepin County Attorney's Office, C-2000 Government Center, Minneapolis, MN 55487, for Respondent.

---

STEVEN E. RAU, United States Magistrate Judge.

  Petitioner Justin Lamont Buckingham ("Buckingham"), currently a state inmate at the Minnesota Correctional Facility at Oak Park Heights, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody alleging five grounds for relief. [Doc. No. 1].  Respondent Jessica Symmes ("Symmes") filed a Motion to Dismiss, arguing that the issues raised in Buckingham's Petition are procedurally defaulted and that neither "cause and prejudice" nor a "fundamental miscarriage of justice" exists to excuse the procedural default. [Doc. No. 9].  Buckingham responded by filing a "Motion for Cause and Prejudice with Memorandum of Law in Support of Evidentiary Hearing" ("Motion for Cause and Prejudice"). [Doc. No. 11].  The Court construes Buckingham's Motion for Cause and Prejudice as alleging two additional grounds for relief.  The matter was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of

1

Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends that the Petition be denied and the action dismissed.

I.   BACKGROUND

On February 11, 2007, Buckingham and Larry Hatcher ("Hatcher") threatened Ricardo Walker ("Walker") during an argument outside of a Minneapolis bar.[1] After the argument, Walker drove away in a minivan. When he stopped at an intersection, Buckingham and Hatcher pulled up alongside the van in an SUV. Someone inside the SUV fired five or six shots at the minivan, fatally striking Walker in the head. When police officers rendered emergency assistance, Walker implicated Buckingham and Hatcher before dying. Three days later, Buckingham was arrested and charged for his alleged involvement in the shooting.

In 2008, a Minnesota jury convicted Buckingham of one count of aiding and abetting first-degree premeditated murder, one count of aiding and abetting first-degree drive-by shooting murder, two counts of aiding and abetting attempted first-degree premeditated murder, and five counts of aiding and abetting attempted first-degree drive-by shooting murder. He was sentenced to life in prison without parole, two 180-month consecutive sentences, and three 243-month concurrent sentences.

After he was convicted and sentenced, Buckingham took direct appeal of his conviction to the Minnesota Supreme Court, alleging (1) the trial court erred in admitting statements he made to police in violation of *State v. Scales*, 518 N.W.2d 587, 592 (Minn. 1994), and without the knowledge and consent of his attorney; (2) the State presented insufficient evidence to support his convictions for first-degree premeditated murder and attempted first-degree murder;

---

[1]   The facts and procedural history provided herein are taken from the Minnesota Supreme Court's decision on Buckingham's direct appeal, *State v. Buckingham*, 772 N.W.2d 64 (Minn. 2009), and his appeal on his petition for postconviction relief, *Buckingham v. State*, 799 N.W.2d 229 (Minn. 2011).

2

(3) due to a mathematical error, his concurrent sentences for aiding and abetting attempted first-degree drive-by shooting murder exceeded the statutory maximum; and (4) prosecutorial misconduct. The Minnesota Supreme Court found all of Buckingham's substantive challenges were without merit and affirmed his conviction, but modified his sentence to correct a calculation error.

Buckingham subsequently filed a *pro se* petition for postconviction relief in Hennepin County District Court.[2] Again, he alleged that the district court improperly admitted testimony regarding statements he made to police. In addition, he asserted three new grounds for relief: (1) his court-ordered psychological evaluation was incomplete; (2) the jury instruction on accomplice liability was erroneous; and (3) his trial counsel was ineffective.

The postconviction court denied Buckingham's petition for relief without a hearing. The court rejected Buckingham's claims on the merits and further concluded that *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976), procedurally barred most of his claims. Buckingham challenged the postconviction court's decision on appeal. The Minnesota Supreme Court rejected Buckingham's assertions, finding that *Knaffla* barred his claims. Buckingham filed the instant habeas petition on August 29, 2011. [Doc. No. 1].

**II. DISCUSSION**

A federal district court may entertain a state prisoner's application for a writ of habeas corpus only when the petitioner exhausted the state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement has been summarized as follows:

---

[2] Ten days after Buckingham filed his petition for postconviction relief, he filed a federal habeas corpus petition listing five grounds for relief. [10-CV-3619 (PJS/SRN) Doc. No. 1]. Because four of the grounds in that Petition had not been fully adjudicated in the state courts, Buckingham's petition could not be entertained at that time and was dismissed without prejudice. [10-CV-3619 (PJS/SRN) Doc. Nos. 9, 10].

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations omitted). Accordingly, to exhaust his state court remedies, a petitioner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. *O'Sullivan*, 526 U.S. at 845. "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999) (citation omitted). Thus, a claim has not been fairly presented if a state appellate court expressly declines to address it on the merits because the petitioner violated state procedural rules. *Hall v. Delo*, 41 F.3d 1248, 1250 (8th Cir. 1994).

When a petition contains claims that have not been fairly presented, a court must determine whether the claims are unexhausted or procedurally defaulted. A claim is deemed unexhausted if the petitioner retains the right to seek remedies in a state proceeding. *See* 28 U.S.C. § 2254(c); *O'Sullivan*, 526 U.S. at 845. Generally, "[w]hen a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005), *cert. denied*, 546 U.S. 1179 (2006). When a petitioner has not exhausted the state court remedies for a claim and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim is not truly unexhausted; rather, the claim

4

is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McCall*, 114 F.3d at 757.

Minnesota's *Knaffla* rule provides that all matters raised in a petitioner's direct appeal and all claims known but not raised, are barred from consideration in a subsequent postconviction petition. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (citing *State v. Knaffla*, 243 N.W.2d 737, 741 (1976)). If a Minnesota appellate court refuses to consider a claim on the merits because of the *Knaffla* rule, that claim is procedurally defaulted for purposes of review in federal habeas proceedings. *McCall*, 114 F.3d at 757–58. In *Murray v. Hvass*, the Eighth Circuit considered the *Knaffla* rule specifically and explained that "it is not the province of a federal court to decide whether a matter ought to be considered procedurally defaulted under state law." 269 F.3d 896, 899–900 (8th Cir. 2001) (citations omitted).

Only if a petitioner shows "cause and prejudice" to excuse the procedural default or, in the alternative, that there would be a "fundamental miscarriage of justice" will a procedurally defaulted claim be considered. *Coleman*, 501 U.S. at 749–50. The "cause and prejudice" exception is available only when a petitioner demonstrates that some cause, or an "external impediment," prevented him from presenting his claims to the state's highest court in a timely and procedurally proper manner, resulting in actual prejudice. *Id.* The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995), *cert. denied*, 516 U.S. 1161 (1996) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

### A. Buckingham's Claims Are Procedurally Defaulted by Minnesota's *Knaffla* Rule

Buckingham asserts seven grounds for habeas relief: (1) improperly admitted testimony regarding statements he made to police; (2) ineffective assistance of trial counsel; (3) trial court error in considering an incomplete psychological evaluation; (4) denial of fair trial because of failure of trial counsel and prosecutor to provide psychological evaluator with complete medical records; (5) unconstitutional jury instruction on accomplice liability; (6) ineffective assistance of appellate counsel; and (7) unconstitutional application of the *Knaffla* rule. Each of these grounds is procedurally defaulted by Minnesota's *Knaffla* rule.

#### 1. Ground One

On direct appeal, Buckingham alleged for the first time that his statements to police were admitted improperly. There, he asserted that his statements should have been suppressed because they violated *State v. Scales*, 518 N.W.2d 587 (Minn. 1994), and they were the result of improper contact with police in the absence of his lawyer. The Minnesota Supreme Court determined that even if a *Scales* violation occurred, "it was not substantial." *State. v. Buckingham*, 772 N.W.2d 64, 69–79 (Minn. 2009). The court explained that officers recorded the beginning of their interview with Buckingham but, after they administered a *Miranda* warning, he requested that the recorder be turned off. *Id.* The court further reasoned that Buckingham's failure to raise any factual disputes regarding the substance of his unrecorded statements at the omnibus hearing was fatal to his claimed *Scales* violation. *Id.* Finally, the court found Buckingham's claim of improper contact by officers in the absence of his lawyer to be meritless. *Id.* at 71. With that, the court rejected his claim. *Id.*

In his postconviction petition, Buckingham again argued that the trial court improperly admitted his statements to police. *Buckingham v. State*, 799 N.W.2d 229, 232 (Minn. 2011). The postconviction court found this claim to be procedurally barred by *Knaffla*. *Id.* On appeal from the postconviction court's decision, the Minnesota Supreme Court agreed with the district court and found *Knaffla* barred his claim. *Id.*

Despite the state courts' dismissals, Buckingham again presented this claim in his habeas Petition. Because the state courts determined that Ground One was procedurally barred under *Knaffla*, it is procedurally defaulted for purposes of federal habeas review.

### 2. Grounds Two Through Five

Buckingham did not present Grounds Two through Five on his direct appeal; rather, he raised them for the first time in his postconviction petition. *Id.* at 232–34. The postconviction court found these claims to be *Knaffla* barred. *Id.* at 234. On appeal, the Minnesota Supreme Court agreed that the claims were *Knaffla* barred because Buckingham knew or should have known about them at the time of his direct appeal. *Id.* at 232–34.

The factual and legal bases for Grounds Two through Five of Buckingham's Petition were fully ascertainable when he sought his direct appeal. Buckingham failed to raise them at that time. Consequently, he did not fairly present Grounds Two through Five to the Minnesota state courts; those claims are procedurally defaulted for federal habeas corpus purposes and cannot be adjudicated on the merits.

### 3. Grounds Six and Seven

Grounds Six and Seven were never fairly presented to the Minnesota Supreme Court; Buckingham raised them for the first time in his federal habeas Petition and Motion for Cause and Prejudice. Because *Knaffla* bars Buckingham from returning to state court to seek relief on

his claims, they are procedurally defaulted for federal habeas review. *See Coleman*, 501 U.S. at 750; *McCall*, 114 F.3d at 757.

In Ground Six, Buckingham challenges the effectiveness of his appellate counsel. "Claims of ineffective assistance of appellate counsel on direct appeal are not barred by the *Knaffla* rule in a first postconviction appeal because they could not have been brought at any earlier time." *Leake v. State*, 737 N.W.2d 531, 536 (Minn. 2007). Nevertheless, it was incumbent upon Buckingham to raise his claim of ineffective assistance of appellate counsel in his petition for postconviction relief. He failed to do so; thus, Ground Six is procedurally defaulted.

Similarly, Buckingham raised a claim challenging the constitutionality of the *Knaffla* rule for the first time in his Motion for Cause and Prejudice. He presented two bases for his challenge. First, Buckingham appears to contend that the state courts misunderstood or misapplied the *Knaffla* rule. This argument is unavailing. A federal court is prohibited from re-examining the state courts' interpretation and application of state law. *See Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). Thus, this Court cannot scrutinize and reverse the state courts' determination that the *Knaffla* rule procedurally barred Buckingham's claims.

Second, Buckingham argues that *Knaffla* is unconstitutional as it applies to incompetent petitioners. At the outset, the Court notes that the Minnesota courts did not find Buckingham incompetent. Thus, Buckingham has no factual basis on which to challenge *Knaffla* in this manner. Even if Buckingham's argument is interpreted as a challenge to the constitutionality of *Knaffla* generally, it must be denied because Buckingham never fairly presented this argument to a Minnesota court. Further, no state remedy remains available to Buckingham for this argument

because *Knaffla* prohibits further attempts to satisfy the exhaustion requirement. For that reason, this argument is procedurally defaulted. *Coleman*, 501 U.S. at 750; *McCall*, 114 F.3d at 757.

If Buckingham wished to challenge the effectiveness of his appellate counsel or the constitutionality of *Knaffla*, he was required fairly present those claims in his petition for postconviction relief. Because he failed to do so and state procedural law now bars adjudication of the claims, they are procedurally defaulted for purposes of habeas corpus review.

### B. Buckingham's Procedural Default Is Not Excused

A procedurally defaulted claim may be entertained if the petitioner can demonstrate "cause and prejudice" to excuse the procedural default or, alternatively, a "fundamental miscarriage of justice" would result if the federal court declined to consider the claim. *Coleman*, 501 U.S. at 749–50. Buckingham failed to establish that either exception applied to excuse his procedural default.

The cause and prejudice exception is available when a petitioner proves some external impediment blocked his efforts to present claims to the highest state court. *Id.* at 753. In his Petition and Motion for Cause and Prejudice, Buckingham appears to argue that the ineffectiveness of his appellate counsel establishes cause to excuse his procedural default with respect to Grounds One through Four. This argument must be rejected. Ineffective assistance of counsel cannot serve as cause to excuse a procedural default, unless the proffered ineffective assistance argument has been fairly presented to the state courts as an independent challenge to the validity of the conviction at issue. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Bailey v. Mapes*, 358 F.3d 1002, 1004 (8th Cir. 2004). As noted above, Buckingham did not fairly present his ineffective assistance of appellate counsel claim (Ground 6) to the Minnesota Supreme Court, so it cannot serve as cause for his procedural default.

9

One additional point merits discussion regarding whether Buckingham's alleged ineffective appellate counsel constitutes cause to excuse his procedural default on Ground 2, his claim of ineffective assistance of trial counsel. On March 20, 2012, the United States Supreme Court decided *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). There, the Court carved out an exception to its holding in *Coleman v. Thompson*, which provided that attorney errors in postconviction hearings do not qualify as cause to excuse procedural default. 132 S.Ct. at 1315. *Martinez* qualified *Coleman* in finding that ineffective appellate counsel may provide cause to excuse the defendant's failure to challenge the ineffectiveness of his trial counsel, but only where state law prohibits the petitioner from raising such a claim on direct appeal. 132 S.Ct. at 1318–19. Although the scope of *Martinez* is not yet well defined, it has no impact on this case.

*Martinez* addressed the right to counsel where state law dictates that the first opportunity to present an ineffective assistance of trial counsel claim is in a postconviction, collateral state proceeding. As stated by the Court in *Martinez*:

> The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceedings beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Id.* at 1320 (citations omitted). Generally, Minnesota law requires defendants to raise a claim of ineffective assistance of trial counsel claim in direct appeal, not in a collateral proceeding. *See Knaffla*, 243 N.W.2d at 252. In fact, where such a claim is not raised properly in direct appeal and is alleged only later in a petition for postconviction relief, the claim may be deemed procedurally barred. *Id. Martinez* is inapplicable because Minnesota law permitted Buckingham to raise his ineffective assistance of trial counsel claim for the first on direct appeal.

10

Buckingham has not cited any legally sufficient reason to excuse his procedural default and nothing before the Court suggests that his failure to comply with Minnesota's *Knaffla* rule was the result of any external impediment. Therefore, Buckingham failed to satisfy the "cause" component of the cause and prejudice exception, and it is unnecessary to consider whether he could satisfy the prejudice component. *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998).

To qualify for the application of the "fundamental miscarriage of justice" or actual innocence exception, Buckingham must present new, compelling evidence that would establish he is conclusively innocent. *Coleman*, 501 U.S. at 750. Buckingham has failed to do so. His current claims for relief allege only legal errors at his trial or on appeal that purportedly deprived him of certain constitutional guarantees. Therefore, Buckingham cannot overcome his procedural default by way of the actual innocence exception.

Grounds One through Seven of Buckingham's Petition are procedurally defaulted because they were not fairly presented to the Minnesota Supreme Court and *Knaffla* precludes future litigation of the claims in the state courts. This procedural default cannot be excused based on either cause and prejudice or a fundamental miscarriage of justice through new proof of actual innocence. Accordingly, the Court concludes that none of Buckingham's procedurally defaulted habeas corpus claims can be entertained and recommends his denial and dismissal of his Petition.

### III. EVIDENTIARY HEARING

In his Motion for Cause and Prejudice, Buckingham requests an evidentiary hearing. [Doc. No. 11]. An evidentiary hearing in a habeas corpus proceeding is appropriate only where the petition alleges sufficient grounds for release, the facts are in dispute, or the state courts did not hold a full and fair evidentiary hearing. *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)

(citations omitted). A petitioner is not entitled to a hearing when the record establishes his claims are barred from habeas review. *Id.* (citations omitted). The record before the Court conclusively demonstrates that Buckingham's claims are procedurally defaulted. Further, Buckingham relies exclusively on legal arguments; he has not alleged any specific factual disputes that merit an evidentiary hearing or that would justify relief even if resolved in his favor. Accordingly, his request for an evidentiary hearing is denied.

### IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000). In this case, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Buckingham's claims any differently than they have been decided here. Buckingham has not identified, (and the Court cannot independently discern), anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner not be granted a COA in this matter.

### V. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Buckingham's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] be **DENIED**; and

2. Buckingham's "Motion for Cause and Prejudice with Memorandum of Law in Support Evidentiary Hearing Requested" [Doc. No. 11] is **DENIED**;

3. This action be **DISMISSED with prejudice**; and

4. Respondent Symmes's Motion to Dismiss [Doc. No. 8] be **GRANTED**; and

5. Buckingham **NOT** be granted a Certificate of Appealability.

Dated: May 14, 2012

*s/ Steven E. Rau*_____
STEVEN E. RAU
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by May 28, 2012, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.