UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA

---

JUSTIN LAMONT BUCKINGHAM,                    Case No. 11-CV-2489 (PJS/SER)

                Petitioner,

v.                                            ORDER

JESSICA SYMMES, Warden,

                Respondent.

---

Justin Lamont Buckingham, pro se.

J. Michael Richardson, Michael K. Walz, HENNEPIN COUNTY ATTORNEY'S OFFICE; Matthew Frank, MINNESOTA ATTORNEY GENERAL'S OFFICE, for respondent.

Petitioner Justin Buckingham was convicted by a jury in state court of nine offenses, including one count of aiding and abetting first-degree premeditated murder, one count of aiding and abetting first-degree drive-by shooting murder, two counts of aiding and abetting attempted first-degree premeditated murder, and five counts of aiding and abetting attempted first-degree drive-by shooting murder. *State v. Buckingham*, 772 N.W.2d 64, 66 (Minn. 2009) ("*Buckingham I*"). Buckingham was sentenced to life imprisonment without the possibility of parole; he also received two 180-month consecutive sentences and three 243-month concurrent sentences. *Id.* Buckingham's convictions were affirmed on direct appeal (although his 243-month sentences were slightly modified). *Id.* Buckingham then sought state post-conviction relief, which was denied, and which denial was affirmed on appeal. *Buckingham v. State*, 799 N.W.2d 229 (Minn. 2011) ("*Buckingham II*"). Buckingham then brought this federal habeas action under 28 U.S.C. § 2254.

Respondent moves to dismiss Buckingham's § 2254 petition, arguing that all of Buckingham's claims are procedurally defaulted and that there is no basis to excuse the default. In a Report and Recommendation ("R&R") dated May 14, 2012, Magistrate Judge Steven E. Rau agreed with respondent and recommended that her motion to dismiss be granted. Buckingham objected,[1] and the Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court finds that two of the claims that Buckingham raised in "Ground One" of his petition are not procedurally defaulted. The Court therefore adopts the R&R only in part, grants respondent's motion to dismiss only in part, and remands the case to Judge Rau for further proceedings.

In Ground One of his § 2254 petition, Buckingham challenges the admission at trial of statements that he made to police while in custody. Both on direct appeal and in state post-conviction proceedings, Buckingham also challenged the admission of these statements. As summarized by the Minnesota Supreme Court, Buckingham raised four challenges to the admission of these statements in *Buckingham II*: He argued that (1) the statements had not been recorded, as required by *State v. Scales*, 518 N.W.2d 587 (Minn. 1994) (the "*Scales* claim"); (2) police interrogated him in violation of his Sixth Amendment right to counsel (the "Sixth Amendment claim"); (3) his statements were involuntary due to the absence of counsel (the

---

[1] Buckingham did not actually file an objection to the R&R. Instead, after Judge Rau issued the R&R, Buckingham filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit. ECF No. 13. An R&R is not appealable, however. *See Loewen-America, Inc. v. Advance Distrib. Co.*, 673 F.2d 219, 220 (8th Cir. 1982) ("Parties may not appeal directly to this court from an order of a magistrate entered pursuant to a section 636(b) referral."). As a result, Buckingham's notice of appeal did not divest this Court of jurisdiction. *United States v. Meints*, 48 F.3d 1225, 1995 WL 64748, at *1 (8th Cir. Feb. 17, 1995) (per curiam) (unpublished table decision). The Court therefore construes Buckingham's notice of appeal as an objection to the R&R.

"voluntariness claim"); and (4) police violated his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) by continuing to interrogate him after he invoked his right to counsel (the "Fifth Amendment/*Miranda* claim"). *Buckingham II*, 799 N.W.2d at 232.

With the exception of the *Scales* claim, Buckingham raises the same claims in Ground One of his § 2254 petition.[2] Admittedly, Buckingham's pro se petition is not a model of clarity. But Buckingham cites the Sixth Amendment as well as leading Supreme Court cases on Sixth Amendment rights in the context of interrogations. *See* ECF No. 1 at 27-28 (citing the Sixth Amendment, *Brewer v. Williams*, 430 U.S. 387 (1977), and *Massiah v. United States*, 377 U.S. 201 (1964)). Buckingham also contends that his "will was over-borne due to intense stress, fear, anxiety, gun-shot wound to head . . . and the confusion, caused by the continuous absence and denial of counsel at his custodial interrogations," ECF No. 1 at 29, which is a claim that his statements were involuntary. *See United States v. Vega*, 676 F.3d 708, 718 (8th Cir. 2012) ("A statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination." (citation and quotations omitted)). Finally, Buckingham repeatedly cites *Miranda* and its progeny and argues that he had a right to counsel during custodial interrogation,

---

[2] As noted, Buckingham does not appear to raise a *Scales* claim. Even if he did, however, that claim would provide no basis for relief. Habeas relief under § 2254 is available "only on the ground that [a person] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The *Scales* recording requirement, however, is entirely a creature of state law, and there is no analogous federal requirement. *Compare Scales*, 518 N.W.2d at 592 ("in the exercise of our supervisory power to insure the fair administration of justice, we hold that all custodial interrogation . . . shall be electronically recorded where feasible and must be recorded when questioning occurs at a place of detention" (footnote omitted)) *with United States v. Williams*, 429 F.3d 767, 772 (8th Cir. 2005) (recording of custodial statements is not constitutionally required).

which is a claim under the Fifth Amendment as interpreted in *Miranda*.[3]  *See, e.g.*, ECF No. 1 at 28.

In *Buckingham II*, the Minnesota Supreme Court held that all of these claims were procedurally barred from further state-court review under *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976).  *Buckingham II*, 799 N.W.2d at 232.  That does not mean, however, that all of these claims are barred from federal habeas review.  What the R&R referred to as "the *Knaffla* rule" (R&R at 5) is in fact two "rules," and whether a claim is barred from federal habeas review depends on which of the two "rules" precludes further state-court review of the claim.

*Knaffla* forecloses collateral review in state court in two circumstances: (1) when the issue was litigated on direct appeal and (2) when the issue should have been, but was not, litigated on direct appeal.  *Knaffla*, 243 N.W.2d at 741 ("It must be emphasized, however, that where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.").  Claims barred from post-conviction review under *Knaffla* because they were not raised on direct appeal are procedurally defaulted for purposes of federal habeas review.  *See, e.g.*, *McCall v. Benson*, 114 F.3d 754, 757-58 (8th Cir. 1997).  But claims barred under *Knaffla* because they were already decided on direct appeal are not procedurally defaulted for purposes of federal habeas review.  As the Supreme Court recently stated:

> When a state court refuses to readjudicate a claim on the ground that it has been previously determined, the court's decision does

---

[3] The Court notes that, in respondent's memorandum in support of her motion to dismiss, respondent treats Ground One as raising only a Fifth Amendment/*Miranda* claim, *see* ECF No. 9 at 5 (discussing Buckingham's "*Miranda* rights issue"), and does not address either the Sixth Amendment or the voluntariness claims.

> not indicate that the claim has been procedurally defaulted. To the
> contrary, it provides strong evidence that the claim has already
> been given full consideration by the state courts and thus is *ripe* for
> federal adjudication.

*Cone v. Bell*, 556 U.S. 449, 467 (2009).

To say that a claim is barred from further state-court review by *Knaffla*, then, is not necessarily to say that it is procedurally defaulted for purposes of federal habeas review. Having reviewed the Minnesota Supreme Court's decisions in *Buckingham I* and *Buckingham II*, the Court concludes that Buckingham's Sixth Amendment and voluntariness claims are not procedurally defaulted.

*First*, with respect to Buckingham's Sixth Amendment claim: In *Buckingham II*, the Minnesota Supreme Court declined to revisit Buckingham's Sixth Amendment claim because it had already been raised and rejected on the merits in *Buckingham I*. *Buckingham II*, 799 N.W.2d at 232. Under *Cone*, then, Buckingham's Sixth Amendment claim is not procedurally defaulted and must be considered on the merits.

*Second*, with respect to Buckingham's voluntariness claim: On its face, *Buckingham I* does not appear to address such a claim. But in *Buckingham II*, the Minnesota Supreme Court stated that, in *Buckingham I*, it had "briefly addressed and implicitly rejected Buckingham's third contention that his statements were involuntary due to the absence of counsel." *Buckingham II*, 799 N.W.2d at 232. This statement indicates that, in the Minnesota Supreme Court's view, it decided Buckingham's voluntariness claim on the merits in *Buckingham I*, at least insofar as that claim was based on the absence of counsel. The Court therefore finds that Buckingham's voluntariness claim, insofar as that claim is based on the absence of counsel, is also not

procedurally defaulted and must be addressed on the merits. *See Cone*, 556 U.S. at 468 ("When a state court declines to find that a claim has been waived by a petitioner's alleged failure to comply with state procedural rules, our respect for the state-court judgment counsels us to do the same.").

The Court has also closely examined whether Buckingham's Fifth Amendment/*Miranda* claim is procedurally defaulted. In *Buckingham II*, the Minnesota Supreme Court expressly held that this claim was barred under *Knaffla* because Buckingham failed to raise it on direct appeal. *Buckingham II*, 799 N.W.2d at 232. Having reviewed the record, this Court has some doubt about whether the Minnesota Supreme Court was correct; it appears that at least an aspect of the Fifth Amendment/*Miranda* claim may have been raised on direct appeal. The matter is far from clear, though, and thus the Court will not disregard the ordinary rule that a federal court may not second guess the holding of a state supreme court that a claim is procedurally barred under state law. *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997) ("If the highest court of Missouri concludes that Sweet's claims have not been raised properly in a state habeas proceeding, that is the end of the matter.").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS IN PART the May 14, 2012 R&R [Docket No. 12]. IT IS HEREBY ORDERED THAT:

1. Respondent's motion to dismiss [ECF No. 8] is GRANTED IN PART and DENIED IN PART.

2. The motion is DENIED with respect to the following claims in Ground One:

    a.     that police interrogated petitioner in violation of the Sixth Amendment; and

    b.     that petitioner's custodial statements were involuntary due to the absence of counsel.

3.     The motion is GRANTED in all other respects, and all other claims are DISMISSED WITH PREJUDICE.

4.     Petitioner's motion for cause and prejudice [ECF No. 11] is DENIED.

5.     Petitioner's motion for leave to appeal *in forma pauperis* [ECF No. 14] and motion for certificate of appealability [ECF No. 15] are DENIED as premature.

Dated: August 21, 2012                               s/Patrick J. Schiltz
                                                                         Patrick J. Schiltz
                                                                         United States District Judge