UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JUSTIN LAMONT BUCKINGHAM, | Case No. 11-CV-2489 (PJS/SER) |
| Petitioner, | |
| v. | ORDER |
| JESSICA SYMMES, Warden, | |
| Respondent. | |

Justin Lamont Buckingham, pro se.

J. Michael Richardson, HENNEPIN COUNTY ATTORNEY'S OFFICE; Matthew Frank, MINNESOTA ATTORNEY GENERAL'S OFFICE, for respondent.

Petitioner Justin Buckingham was convicted by a jury in state court of nine offenses, including one count of aiding and abetting first-degree premeditated murder, one count of aiding and abetting first-degree drive-by shooting murder, two counts of aiding and abetting attempted first-degree premeditated murder, and five counts of aiding and abetting attempted first-degree drive-by shooting murder. *State v. Buckingham*, 772 N.W.2d 64, 66 (Minn. 2009) ("*Buckingham I*"). Buckingham was sentenced to life imprisonment without the possibility of parole; he also received two 180-month consecutive sentences and three 243-month concurrent sentences. *Id.* Buckingham's convictions were affirmed on direct appeal (although his 243-month sentences were slightly modified). *Id.* Buckingham then sought state post-conviction relief, which was denied, and which denial was affirmed on appeal. *Buckingham v. State*, 799 N.W.2d 229 (Minn. 2011) ("*Buckingham II*"). Buckingham then brought this federal habeas action under 28 U.S.C. § 2254.

This matter is before the Court on Buckingham's objection to the July 15, 2013 Report and Recommendation ("R&R") of Magistrate Judge Steven E. Rau. Judge Rau recommends that the remaining claims in Buckingham's petition be denied.[2] The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court agrees with Judge Rau's analysis and adopts his thorough R&R. Only two matters merit comment:

*First*, Buckingham seems to believe that, in its earlier order dismissing most of Buckingham's claims as procedurally defaulted, the Court found that his constitutional rights had been violated. Buckingham is mistaken. The Court merely found that two of Buckingham's claims had been fully litigated in state court and therefore were not procedurally barred. In other words, the Court held that Buckingham could *litigate* those two claims in federal court, not that he would *prevail* on those two claims.

*Second*, Buckingham seems to claim that he did not, in fact, initiate contact with Sergeant Folkens through a detention officer on March 6, 2007. The state trial court found to the contrary, however, App. 113, and the Minnesota Supreme Court implicitly relied on that finding in holding that Sergeant Folkens did not have improper contact with Buckingham. *Buckingham I*, 772 N.W.2d at 70-71. This factual finding is supported by Sergeant Folkens's testimony, App. 64, and Buckingham does not cite any evidence to the contrary. The state courts' finding therefore cannot be considered an "unreasonable determination of the facts" under 28 U.S.C. § 2254(d)(2). *See Wood v. Allen*, 558 U.S. 290, 301 (2010) (state-court finding is not unreasonable merely because reasonable minds might disagree).

---

[2] The Court earlier dismissed most of Buckingham's claims as procedurally defaulted. ECF No. 17.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 27] and ADOPTS the July 15, 2013 R&R [Docket No. 26]. IT IS HEREBY ORDERED THAT:

1. Petitioner's 28 U.S.C. § 2254 petition is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: September 6, 2013                     s/Patrick J. Schiltz
                                             Patrick J. Schiltz
                                             United States District Judge